IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRIAN HENDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 12 C 7841 |
| v. ) | |
| ) | Magistrate Judge |
| CAROLYN W. COLVIN, Acting ) | Maria Valdez |
| Commissioner of the U.S. Social ) | |
| Security Administration,[1] ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Brian Henderson ("Plaintiff") appeals the decision of the Commissioner of the Social Security Administration ("SSA") denying his Social Security childhood disability benefits under Title II ("CDB"), and his supplemental security income benefits under Title XVI ("SSI") of the Social Security Act ("the Act"). For the reasons that follow, Plaintiff's motion for summary judgment [Doc. No. 8] is granted in part and denied in part, and the matter is remanded to the Commissioner for further proceedings.

## BACKGROUND

### I. Procedural History

At age thirty-six, Plaintiff filed CDB and SSI applications on June 8, 2010, alleging a disability onset date of February 1, 1984, due to depression and epilepsy

---

[1] Carolyn W. Colvin is substituted for her predecessor, Michael J. Astrue, pursuant to Federal Rule of Civil Procedure 25(d).

seizures. (R. 169-76, 198.) His initial applications were denied on October 26, 2010, and again at the reconsideration stage on February 23, 2011. (R. 102-05.) Plaintiff timely requested a hearing before an Administrative Law Judge ("ALJ"), which took place December 7, 2011. (R. 41-101, 124.) Plaintiff appeared at the hearing with his attorney and offered testimony. (R. 41-101.) A vocational expert ("VE") also appeared and testified. (*Id.*) On January 26, 2012, the ALJ denied Plaintiff's applications for CDB and SSI benefits. (R. 19-34.) The Appeals Council denied Plaintiff's request for review on August 8, 2012, leaving the ALJ's decision as the final decision of the Commissioner and therefore reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005). (R. 1-3; *Herron v. Shalala*, 19 F.3d 329, 332 (7th Cir. 1994).

## II.     ALJ Decision

On January 26, 2012, the ALJ issued a written determination denying Plaintiff's CDB and SSI applications. (R. 19-34.) As an initial matter, the ALJ found that Plaintiff was born on July 22, 1973, and had not attained the age of twenty-two as of February 1, 1984, the alleged onset date. (R. 24.) At step one, the ALJ determined that Plaintiff did not engage in Substantial Gainful Activity ("SGA") since his alleged onset date of February 1, 1984. (*Id.*) At step two, the ALJ found that Plaintiff had the severe impairments of seizure disorder, bipolar disorder, and antisocial personal disorder. (*Id.*) At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments of 20 C.F.R. Part 404, Subpart

P, App'x 1. (R. 25.) Before step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels. (R. 26.) However, the ALJ found that Plaintiff had non-exertional limitations. (*Id.*) Plaintiff was unable to work at heights, climb ladders, or frequently negotiate stairs; should avoid operation of moving or dangerous machinery; and he was not suited for work that required intense focus and concentration for extended periods. (*Id.*) Plaintiff could only have casual interaction with the general public, and have superficial or casual contact with co-workers; and he would be expected to be off task six percent of the time, in an eight hour workday. (*Id.*) At step four, the ALJ concluded that Plaintiff had no past relevant work. (R. 32.) Finally, at step five, the ALJ found that jobs existed in significant numbers in the national economy that Plaintiff could perform. (*Id.*) Specifically, the ALJ found that Plaintiff could work as a hand packager, kitchen helper, or cleaner. (R. 33) As a result, the ALJ found that Plaintiff had not been disabled from February 1, 1984, through the date of the decision, under the Act. And with regard to Plaintiff's Title II claim, the ALJ concluded that he had not been under a disability at any time prior to July 21, 1995, the date he attained the age of twenty-two. (R. 33-34.)

## **STANDARD OF REVIEW**

The ALJ's decision must be upheld if it follows the administrative procedure for determining whether the plaintiff is disabled as set forth in the Act, 20 C.F.R. §§ 404.1520(a) and 416.920(a), if it is supported by substantial evidence, and if it is free of legal error. 42 U.S.C. § 405(g). Substantial evidence is "relevant evidence

3

that a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). Although we review the ALJ's decision deferentially, she must nevertheless build a "logical bridge" between the evidence and her conclusion. *Moore v. Colvin*, 743 F.3d 1118, 1121 (7th Cir. 2014). A "minimal[ ] articulat[ion] of her justification" is enough. *Berger v. Astrue*, 516 F.3d 539, 545 (7th Cir. 2008).

## ANALYSIS

Plaintiff asserts that the ALJ made three errors. First, Plaintiff argues that the ALJ improperly weighed the medical opinion evidence. Second, Plaintiff argues that the ALJ failed to property evaluate his credibility. Third, Plaintiff argues that the ALJ relied upon flawed VE testimony.

Plaintiff first argues that the ALJ improperly weighed the medical opinion of his treating psychiatrist, Dr. Josip Pasic, M.D., who submitted a Psychiatric/ Psychological Impairment Questionnaire dated June 29, 2011. (R. 425-32.) The questionnaire states that Plaintiff's first treatment occurred on September 21, 2010, and the most recent examination was September 29, 2010. The questionnaire states that Plaintiff suffers from depression, anxiety, severe mood swings, sleeping problems, and severe anger problems. He was found to be markedly limited in numerous area, including understanding and memory, sustained concentration and persistence, and social interactions, and he was found to be moderately limited in the area of adaptation. Dr. Pasic concluded that Plaintiff cannot handle drastic

4

change in the work setting, does not handle criticism well, and cannot tolerate even a low stress work setting.

The ALJ stated that Dr. Pasic's opinion was "not given significant weight," (R. 31), but he essentially disregarded it entirely, finding the conclusions to be "preposterous," in that they were based on only two visits and contradicted the intake findings of the first visit. (*Id.*) Similarly, the ALJ gave no significant weight to Dr. Pasic's colleague, La Toya Patterson, M.A., QMHP, who wrote an opinion letter dated July 6, 2011. (R. 434.) Patterson's echoed the findings in Dr. Pasic's June 29 questionnaire, finding that Plaintiff was unable to accept criticism or instructions from supervisors, that his symptoms would interfere with everyday work tasks, and he could not interact appropriately with the general public. The ALJ found that the limitations described by Patterson were not supported by the longitudinal record.

The ALJ's analysis of Dr. Pasic's and Patterson's opinions was not supported by substantial evidence, because it was apparently based on faulty premises. The primary reason neither opinion merited controlling weight was the ALJ's belief that they were based on only a couple of mental health visits. But both Dr. Pasic's questionnaire and Patterson's letter expressly stated that Plaintiff had been treated with a one-hour weekly individual psychotherapy session and also had monthly psychiatric sessions. (R. 425, 434.) Elsewhere in the ALJ's opinion, he alluded to treatment other than in September 2010, noting that although there were "very few follow up records after the initial assessments," he reported doing better in October

5

and December 2010. (R. 29.) But other than that brief mention, the ALJ did not discuss this apparently consistent treatment, which may have formed a longitudinal record that would support the conclusions of Dr. Pasic and Patterson. If records of those treatment sessions were missing from the record, the ALJ should have inquired further rather than just assuming the absence of treatment. *See Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see also* SSR 96-6p (explaining that a state reviewer's opinion may be entitled to greater weight than that of a treating source if the reviewer's "opinion is based on a review of a complete case record"); *Campbell v. Astrue*, 627 F.3d 299, 309 (7th Cir. 2010) (concluding that a state agency consultant must have the benefit of reviewing the complete case record before being granted controlling weight).

For the same reason, the ALJ failed to properly analyze the opinions of Dr. Pasic and Ms. Patterson using the regulatory factors set forth in 20 C.F.R. § 404.1527. The regulations require the ALJ to consider a variety of factors, including: (1) the length, nature, and extent of the treatment relationship; (2) the frequency of examination; (3) the physician's specialty; (4) the types of tests performed; and (5) the consistency and support for the physician's opinion. *See id.* The ALJ did not perform the analysis at all, and to the extent he may have alluded to the relevant factors, the ALJ was basing his conclusions on a possibly incorrect

assumption about the length and nature of Plaintiff's treatment with those providers.

Because the case warrants remand for the reasons discussed above, the Court need not fully discuss the other errors alleged by Plaintiff. The Commissioner, however, should not assume these issues were omitted from the opinion because no error was found. Indeed, the Court emphasizes that on remand, special care should be taken to fully evaluate the medical evidence in the record, including the opinion of treating physician Dr. Thomas Huggett, M.D., and Plaintiff's symptoms in light of SSR 16-3p.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion for summary judgment [Doc. No. 8] is granted in part and denied in part. This matter is remanded for further proceedings consistent with this opinion.

**SO ORDERED.**                          **ENTERED:**

**DATE:   September 30, 2016**               _____
                                               **HON. MARIA VALDEZ**
                                               **United States Magistrate Judge**